United States District Court
Southern District of Texas
FILED

MAR 23 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CATRINA VALADEZ, | § | |
| ALMA AVILA AND | § | |
| ESMERALDA CARRIZALES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2: 00 CV 101 |
| | § | |
| CITY OF SAN DIEGO, | § | |
| OFFICER BRENDA DE LEON & | § | |
| OFFICER ANDREW DE LEON | § | |

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs, Catrina Valadez, Alma Avila and Esmeralda Carrizales by and through their attorney of record GRAY P. SCOGGINS, moves the Court for an order remanding this cause to the 229th District Court of Duval County, Texas on the ground that the cause was improperly removed and is not within the jurisdiction of this Court.

I.

The complaint herein presents two causes of action only one of which is a claim or right arising under the Constitution, treaties or laws of the United States. The two causes of action asserted in Plaintiffs' Original Petition include a cause of action under 42 U.S.C.A. Section 1983 and a cause of action under the Texas Tort Claims Act ( see Title 5 C.P.R.C. Section 101.0215.)

II.

Plaintiffs specifically denies the statements in paragraph I of the Notice of Removal wherein it is asserted that "... alleging claims under First, Fourth, Fifth, and Fourteenth Amendments and the 42 U.S.C. Sect. 1983, necessitating removal under the Courts federal question jurisdiction." The District Courts of the United States and the District Courts of the

1

5.

State of Texas have concurrent jurisdiction over this action in that a cause of action under 42 U.S.C. sect. 1983 may be filed in either State or Federal Court. <u>Maine v. Thiboutot</u> 448 U.S. 1, 10-11 (1980).

III.

Plaintiffs specifically denies the statements in paragraph IV. of the Notice of Removal wherein it is asserted that "Removal of this action is proper under 28 U.S.C. Sec. 1441 (b)." "The two requisites of removal are that the action was properly commenced in State Court and could have originally commenced in Federal Court." <u>Nuclear Engineering Co. v. Scott</u> 660 F.2d 241 (7th Cir. 1981.) citing <u>Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.</u>, 258 U.S. 377 (1922). The case was properly commenced in State Court, however because of the Texas Tort Claim Act cause of action filing in Federal Court was prohibited. Venue in a cause of action under the Texas Tort Claims Act is pursuant to C.P.R.C. Section 101.102(a), which provides that "A suit under this chapter shall be brought in State Court in the county in which the cause of action or a part of the cause of action arises." (*see* Plaintiffs' Petition Paragraph I., pg.2)  Therefore, venue in a Texas Tort Claims Act cause of action is proper only in the State Court were the cause of action arises, which in this case would be the 229th Judicial District Court of Duval County, Texas.  *See* <u>Ronald Sherwinski v. Peterson et.al</u> 98 F.3d 849 (5th Cir. 1996). In <u>Sherwinski</u> the Fifth Circuit held that a Texas Tort Claims Act cause of action could not be brought in the Federal Courts, because of the mandatory venue provision contained in the act. <u>Id.</u>  Therefore, the removal pursuant to 28 U.S.C. sec. 1441 (b) is not proper since this case could not have been originally filed in the Federal Court.

IV.

This court should impose an appropriate sanction upon defendant and upon defendant's

2

counsel who signed the notice of removal since there was controlling legal authority, not cited in Defendant's motion, which precludes removal of this case. Defendant's motion to remove cites no case authority and had defense counsel adequately briefed the issue, this motion to remand would not have been necessary. As such the notice of removal had the purpose and effect of causing unnecessary delay and a needless increase in the cost of litigation. Plaintiffs alleges that an appropriate sanction would include an order to pay the amount of reasonable expenses incurred by the plaintiffs in preparing and presenting this motion, including a reasonable attorney fee.

### CERTIFICATE OF CONFERENCE

Movant conferred with Respondent on 3-21-00, and counsel cannot agree on the disposition of the motion.

For the aforementioned reasons the Motion for Remand should be in all things granted. Plaintiffs further moves the Court to order the payment to Plaintiffs by Defendant and or Defendant's counsel of all just costs and expenses including attorney's fees incurred by reason of the removal proceedings.

Respectfully submitted,

GRAY P. SCOGGINS
ATTORNEY AT LAW
113 N. REYNOLDS
ALICE, TEXAS 78332
(361) 668-3536: Telephone
(361) 668-3576: Facsimile

By: _____
GRAY P. SCOGGINS
State Bar No.:00798494
Federal ID No.: 22125
Attorney for Plaintiffs

3

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was served upon James F. McKibben, Jr., Attorney at Law at One Shoreline Plaza, 800 N. Shoreline Blvd., Suite 2000 North Tower, Corpus Christi, Texas 78401 in accordance with the Federal Rules of Civil Procedure.

SIGNED this 22nd day of March, 2000.

_____
Gray P. Scoggins

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CATRINA VALADEZ, | § | |
| ALMA AVILA AND | § | |
| ESMERALDA CARRIZALES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2: 00 CV 101 |
| | § | |
| CITY OF SAN DIEGO, | § | |
| OFFICER BRENDA DE LEON & | § | |
| OFFICER ANDREW DE LEON | § | |

## ORDER GRANTING
## PLAINTIFFS' MOTION FOR REMAND

On the _____ day of _____, 2000, came on to be heard the Motion for Remand of Plaintiffs Catrina Valadez, Alma Avila and Esmeralda Carrizales.

The Court having reviewed the Motion, and the Response is of the opinion that Plaintiff's Motion should be GRANTED.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Remand be and is hereby in all things granted, that the cause of action asserted by Plaintiffs Catrina Valadez, Alma Avila and Esmeralda Carrizales be remanded to the 229th Judicial District Court of Duval County, Texas, and that a certified copy of this order be mailed to the District Clerk of Duval County, Texas.

ORDERED this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE