United States District Court
Southern District of Texas
FILED

APR 04 2000

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CATRINA VALADEZ, | § | |
| ALMA AVILA AND | § | |
| ESMERALDA CARRIZALES | § | |
| | § | CIVIL ACTION NO. C-00-101 |
| VS. | § | JURY |
| | § | |
| CITY OF SAN DIEGO, | § | |
| OFFICER BRENDA DE LEON & | § | |
| OFFICER ANDREW DE LEON | § | |

### DEFENDANTS', CITY OF SAN DIEGO, OFFICER BRENDA DE LEON & OFFICER ANDREW DE LEON, RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW the City of San Diego, Officer Brenda De Leon and Officer Andrew De Leon, Defendants in the above entitled and numbered cause, and file this their Response in Opposition to Plaintiffs' Motion to Remand, and for same would show the court as follows:

I.

Plaintiffs set forth in their Original Petition filed in state court a cause of action against Defendants alleging violations of the Texas Tort Claims Act. In addition, Plaintiffs set forth a cause of action against Defendants arising under 42 U.S.C.A. § 1983. In specific, Plaintiffs asserted that the Defendants violated their First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

Pursuant to 28 U.S.C.A. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. §1331. As Plaintiffs set forth a cause of action pursuant to 42 U.S.C.A. §1983 asserting violations of rights protected by the First, Fourth, Fifth, and Fourteenth Amendments to

the United States Constitution, this Court has federal question jurisdiction over Plaintiffs' lawsuit. Thus, Defendants removal of Plaintiffs' lawsuit pursuant to 28 U.S.C.A. § 1441(b) to this Court was proper.

II.

Plaintiffs assert that removal of their lawsuit is not proper under 28 U.S.C.A. § 1441(b). Plaintiffs state that their lawsuit was properly commenced in state court because, pursuant to the mandatory venue provision of the Texas Tort Claims Act, a plaintiff is prohibited from filing a Texas Tort Claims Act cause of action in federal court. Although the Texas Tort Claims Act provides that actions pursuant to the Act should be filed in "state court in the county in which the cause of action or a part of the cauuse of action" arose, the Act does not preclude Defendants' removal of a lawsuit where, as here, plaintiffs assert other claims giving rise to federal question jurisdiction. Tex. Civ. Prac. & Rem. Code §101.102(a).

In support of their position that removal was not proper, Plaintiffs cite Ronald Sherwinski v. Peterson, et al., 98 F.3d 849 (5th Cir. 1996). Plaintiffs cite Sherwinski for the proposition that the Fifth Circuit has held that a Texas Tort Claims Act cause of action cannot be brought in federal court. Plaintiffs assert that the Fifth Circuit reached such a holding based on the mandatory venue provision set forth in the Texas Tort Claims Act. Plaintiffs' application of the Fifth Circuit's Sherwinski holding to the instant case is, however, incorrect.

In Sherwinski, a state prisoner filed suit against prison officials and a prison doctor asserting a claim for damages based on their alleged deliberate indifference to his serious medical needs in violation of the Eighth Amendment and 42 U.S.C. §1983. The plaintiff also asserted supplemental state law claims against the Texas Department of Criminal Justice pursuant to the

2

Texas Tort Claims Act. The Department filed a motion to dismiss arguing that the Act provided for suit against the Department only in state court and asserting Eleventh Amendment immunity from suit in federal court. The district court denied the motion and the Department appealed.

The Fifth Circuit held that the Texas Tort Claims Act did not waive the Eleventh Amendment immunity to suit in federal court. Id. at 851-52. In reaching its determination that the Department had not waived its Eleventh Amendment immunity, the Court emphasized the Supreme Court's ruling that an unconsenting state is immune from suits brought in federal courts by their own citizens as well as citizens of other states. The Fifth Circuit stated that absent a waiver, neither a state nor its agency, is subject to suit in federal court. The Fifth Circuit noted that § 101.102(a) of the Texas Tort Claims Act made clear that the Act waived sovereign immunity only in state courts. Thus, the Court stated that the Department had not waived Eleventh Amendment Immunity in federal court. The Fifth Circuit, therefore, reversed the district court's order denying the Department's Motion to Dismiss and remanding the case to the district court for entry of an order dismissing the state law claim against the Department.

Plaintiffs misstate the Fifth Circuit's holding in Sherwinski. The Fifth Circuit did not hold that "a Texas Tort Claims Act cause of action could not be brought in the [f]ederal [c]ourts, because of the mandatory venue provision contained in the act." *See generally* Campbell v. San Antonio, 43 F.3d 973 (5th Cir. 1995); Downey v. Denton County, Texas, 119 F.3d 381 (5th Cir. 1997); Flores v. County of Hardeman, Texas, 124 F.3d 736 (5th Cir. 1997)(cases in federal court in which the plaintiffs asserted claims under violation of 42 U.S.C.A. § 1983 and the Texas Tort Claims Act). Accordingly, Plaintiffs misapply the Fifth Circuit's Sherwinski holding to the instant case. In the instant case, the City of San Diego and two police officers have been sued.

3

In <u>Sherwinski</u>, the Texas Department of Criminal Justice, an extension of the State of Texas, was sued. Unlike the Department sued in <u>Sherwinski</u>, the City of San Diego, a municipality, is not afforded the protection of the Eleventh Amendment.

### III.

Plaintiffs requested in their Motion to Remand that this Court impose sanctions on Defendants and Defense counsel for filing of the Notice of Removal. Defendants and Defense counsel assert that appropriate authority was cited such that this Court could determine that removal of Plaintiffs' lawsuit was proper. Further, Defendants' Notice of Removal has not had the purpose or effect of causing unnecessary delay or an increase in the cost of litigation. In fact, Plaintiffs' counsel's misapplication of the Fifth Circuit's <u>Sherwinski</u> ruling, has resulted in unnecessary delay and an increase in the cost of litigation. Defendants, therefore, respectfully request that this Court impose an appropriate sanction on Plaintiffs' counsel. Defendants request that such sanction include payment of Defense counsel's reasonable fees and expenses incurred to prepare and present this Response in Opposition to Plaintiff's Motion to Remand.

### III.

Based on the reasons stated in the Defendants' Notice of Removal and the arguments contained herein, it is clear that Defendants' removal of Plaintiffs' lawsuit to this Court was proper.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon hearing hereof, the Plaintiffs' Motion to Remand be denied and Defendants request any and all such further relief to which they may be justly entitled.

4

Respectfully Submitted,

By: *James F. McKibben, Jr.* *(signature)*
James F. McKibben, Jr.
State Bar No. 13713000
Federal ID No. 914
One Shoreline Plaza
800 N. Shoreline Blvd.
Suite 2000 - North Tower
Corpus Christi, Texas 78401
(361) 882 - 6611 - Telephone
(361) 866 - 8039 - Telecopier

*Signed with permission by Liza Marie Aguilar
State Bar No. 24006741
Federal ID No. 23222*

ATTORNEY-IN-CHARGE FOR DEFENDANTS
CITY OF SAN DIEGO, OFFICER BRENDA
DE LEON AND OFFICER ANDREW DE LEON

OF COUNSEL:

*BARGER, HERMANSEN, McKIBBEN & VILLARREAL, L.L.P.*
Liza Marie Aguilar
State Bar No. 24006741
Federal ID No. 23222
One Shoreline Plaza
800 N. Shoreline Blvd.
Suite 2000 - North Tower
Corpus Christi, Texas 78401
(361) 882 - 6611 - Telephone
(361) 866 - 8039 - Telecopier

5

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Response to Plaintiff's Motion to Remand and Order was served on counsel of record by the method indicated below on this the 4th day of April, 2000:

**CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
Mr. Gray P. Scoggins
***ATTORNEY AT LAW***
113 N. Reynolds
Alice, Texas 78332

James F. McKibben, Jr.

*Signed with permission by Liza Marie Aguilar*
*State Bar No. 24006741*
*Federal ID No. 23222*

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CATRINA VALADEZ, § | |
| ALMA AVILA AND § | |
| ESMERALDA CARRIZALES § | |
| § | CIVIL ACTION NO. C-00-101 |
| VS. § | JURY |
| § | |
| CITY OF SAN DIEGO, § | |
| OFFICER BRENDA DE LEON & § | |
| OFFICER ANDREW DE LEON § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

On this the _____ day of _____, 2000, came on for consideration, Plaintiffs' Motion to Remand and the Court, after considering the Motion to Remand and Defendants' response to the Motion to Remand, is of the opinion that said Motion should be DENIED. It is therefore,

ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion to Remand is denied in its entirety and this case shall remain on the docket of this Court.

SIGNED this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE