```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF TEXAS
                        CORPUS CHRISTI DIVISION
```

United States District Court
Southern District of Texas
ENTERED
APR 1 7 2000
Michael N. Milby, Clerk of Court

| | |
|---|---|
| CATRINA VALADEZ, ALMA AVILA<br>AND ESMERALDA CARRIZALES<br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, OFFICER<br>BRENDA DE LEON AND OFFICER<br>ANDREW DE LEON,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION C-00-101 |

20.

## ORDER

On this day came on to be considered Plaintiffs' Motion to Remand and for Sanctions. For the reasons stated herein, the Court DENIES Plaintiffs' Motion.

## I.   JURISDICTION

Defendants removed this action pursuant to 28 U.S.C. §§ 1441 & 1446, asserting this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II.   FACTS AND PROCEEDINGS

Plaintiffs filed this action in the 229th Judicial District Court, Duval County, Texas, on February 7, 2000, alleging that two police officers, Andrew De Leon and Brenda De Leon, employed by the City of San Diego, Texas, had violated their civil rights. Plaintiffs allege that, on November 4, 1999, the police officers

arrived at the house of Esmeralda Carrizales ("Carrizales") in order to question Carrizales' daughter, Catrina Valadez, about an alleged domestic disturbance. (Complaint at 3). Valadez exited the house, but "exercised her right to remain silent and refused to answer any questions." (Complaint at 3). The police officers then informed her that she was under arrest for disorderly conduct. (Id. at 4). Valadez then fled into the house, pursued by both officers. (Id.). Carrizales attempted to protect her daughter, but was allegedly threatened with arrest for "interfering with public duties" by Officer Andrew De Leon. (Id.). Plaintiffs filed suit in state court against the City of San Diego and Officers Brenda De Leon and Andrew De Leon seeking relief under the Texas Tort Claims Act and 42 U.S.C. § 1983. On March 9, 2000, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1441 & 1446. On March 23, 2000, Plaintiffs filed a Motion to Remand, which the Court considers below.

### III. DISCUSSION

Plaintiffs claim that this action was improperly removed from state court because "a Texas Tort Claims Act cause of action is proper only in the State Court were [sic] the cause of action arises, which in this case would be the 229th Judicial District

Court of Duval County, Texas." (Motion to Remand at 2). It is true that "an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Sherwinski v. Peterson, 98 F.3d 849, 851 (5th Cir. 1996)(citing Edelman v. Jordan, 415 U.S. 651, 663 (1974). However, the source of this immunity from suit in federal court is the Eleventh Amendment. Sherwinski, 98 F.3d at 851-52. The Supreme Court has held that "the Eleventh Amendment does not apply to 'counties and similar municipal corporations.'" Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 124, n. 34 (1984)(quoting Mt. Healthy City School District v. Doyle, 429 U.S. 274, 280 (1977)). The Supreme Court has "consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a slice of state power." Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 401 (1979)(citing Moor v. County of Alameda, 411 U.S. 693, 717-721 (1973), and Lincoln County v. Luning, 133 U.S. 529, 530 (1890)); see also Crane v. Texas, 759 F.2d 412, 415 (5th Cir. 1985). This Court has federal question jurisdiction over Plaintiffs' § 1983 claim. This Court may exercise its pendent jurisdiction, 42 U.S.C. § 1367, over claims asserted under the

3

Texas Tort Claims Act.  See Campbell v. San Antonio, 43 F.3d 973 (5th Cir. 1995); Downey v. Denton County, Texas, 119 F.3d 381 (5th Cir. 1997); Flores v. County of Hardeman, Texas, 124 F.3d 736 (5th Cir. 1997).  Removal was proper.  There are therefore no grounds for sanctions against counsel for Defendants.

**IV. CONCLUSION**

The Court ORDERS that Plaintiffs' Motion to Remand and for Sanctions is DENIED.

ENTERED on this the 14th day of April, 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

4